528 S.E.2d 148

**HOY CONSTRUCTION, INC. and Liberty Mutual Fire Insurance Co.**

v.

**Howard FLENNER.**

**Howard Flenner**

v.

**Hoy Construction, Inc. and Liberty Mutual Fire Insurance Co.**

**Record Nos. 2152–99–1, 2229–99–1.**

Court of Appeals of Virginia,
Chesapeake.

May 2, 2000.

---

Bradford C. Jacob (Taylor & Walker, P.C., on briefs), Norfolk, for Hoy Construction, Inc. and Liberty Mutual Fire Insurance Co.

C. Allen Riggins (Parker, Pollard & Brown, P.C., on briefs), Virginia Beach, for Howard Flenner.

Present: FITZPATRICK, C.J., and ELDER and BRAY, JJ.

BRAY, Judge.

Hoy Construction, Inc. and Liberty Mutual Fire Insurance Co. (collectively employer) appeal an award of temporary total disability benefits to Howard Flenner (claimant), upon his change of condition application. Employer contends that the award is barred by Code § 65.2–510 and, moreover, is unsupported by the evidence. Claimant cross-appeals, complaining that the commission erroneously construed Code § 65.2–510 to preclude temporary partial disability compensation, following the award of temporary total disability benefits. Agreeing both with the commission's application of the statute and the award of benefits to claimant, we affirm the decision.

Claimant suffered an industrial injury on September 2, 1995. Employer accepted the resulting claim as compensable, and claimant received temporary total disability benefits. On April 8, 1996, Dr. David Biondi, a neurologist, released claimant to restricted work, but claimant refused employer's offer of selective employment, prompting employer to request the

commission to terminate benefits. On August 20, 1996, the commission granted employer relief, effective April 12, 1996, noting that "claimant conceded that he refused the selective employment due to physical problems unrelated to the work injury" and had "offered no . . . justification" for his conduct. Claimant did not appeal the decision or cure such refusal within six months of April 12, 1996.

On May 7, 1997, claimant filed the instant application with the commission, alleging a change of condition and seeking temporary *total* disability benefits, commencing February 24, 1997, through October 13, 1997, with temporary partial benefits thereafter. Employer asserted Code § 65.2–510[1] as an absolute bar to relief and, also, challenged the claim on the merits. Claimant countered that the statute was inapplicable both to a *total* disability that occurred after an unjustified refusal of selective employment and to a subsequent *partial* disability.

Following consideration of the record and arguments on appeal, the commission determined that claimant had suffered a temporary total disability after his unjustified refusal of selective employment and awarded attendant benefits, reasoning that the bar of Code § 65.2–510 is inapplicable to a subsequent total disability. However, the commission further concluded that the statute precluded benefits for any subse-

---

1. Code § 65.2–510 provides, in pertinent part,

 A. If an injured employee refuses employment procured for him *suitable to his capacity,* he shall only be entitled to the benefits provided for in §§ 65.2–503 [permanent loss] and 65.2–603 [employer's duty to furnish medical care], . . . during the continuance of such refusal, unless in the opinion of the Commission such refusal was justified.

 \* \* \* \* \* \*

 C. A *cure of unjustified refusal pursuant to subsection A may not be established if the unjustified refusal lasts more than six months* from the last day for which compensation was paid before suspension pursuant to this section; however, the six-month period may be extended by the number of days a claimant is totally disabled if the disability commenced during such six-month period. . . .

 (Emphasis added.)

quent *partial* disability and denied such claim. Both employer and claimant appeal.

I.

*Employer's Appeal,* Record No. 2152-99-1

 While the instant appeal was pending in this Court, we decided, in *Southwest Virginia Tire, Inc., et al. v. Bryant,* 31 Va.App. 655, 525 S.E.2d 563 (2000), that "Code § 65.2-510 does not have any bearing upon a change-in-condition application for an employee who becomes totally disabled as a result of the industrial injury." *Id.* at 659-60, 525 S.E.2d at 565. Thus, the commission correctly ruled that the statute does not bar the disputed award, upon proof of a change in condition resulting in temporary total disability, notwithstanding claimant's failure to cure the earlier unjustified refusal of selective employment within six months.

 Employer, however, also contends that claimant's evidence failed to prove a total disability for the period in issue. "Following established principles, we review the evidence in the light most favorable to the prevailing party." *R.G. Moore Bldg. Corp. v. Mullins,* 10 Va.App. 211, 212, 390 S.E.2d 788, 788 (1990). "Factual findings of the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." *Southern Iron Works, Inc. v. Wallace,* 16 Va.App. 131, 134, 428 S.E.2d 32, 34 (1993). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." *Morris v. Badger Powhatan/Figgie Int'l, Inc.,* 3 Va.App. 276, 279, 348 S.E.2d 876, 877 (1986). "This rule applies when an expert's opinion contains internal conflict." *Greif Companies/Genesco, Inc. v. Hensley,* 22 Va.App. 546, 552, 471 S.E.2d 803, 806 (1996).

 In awarding claimant temporary total disability benefits, the commission reviewed the deposition of Dr. Robert

Hansen, a neurologist, together with the related reports, notes and correspondence of Dr. David Biondi and Dr. Kerri L. Wilkes, a "headache specialist." While we concur in the commission's observation that "it is difficult to determine Dr. Hansen's true opinion about claimant's ability to work," we also agree that sufficient evidence established a total disability for the period.

On April 18, 1997, Dr. Hansen noted that claimant had

not been cleared to return to work. He has been felt in the past, both by Dr. Biondi and by myself, to have achieved maximal medical improvement (MMI).... I think it is appropriate ... to have an FCE [Functional Capacity Evaluation] performed. Return to work recommendation can be generated on the basis of the FCE.

Dr. Hansen further recorded, on April 30, 1997, that claimant had

been followed ... for some time with axial pain and headaches.... The pain has been very difficult to control. Recently, he has had more pain and headaches ... [and] was deemed by me to be unable to return to work, as of 2/24/97, because of the problems.... At the present time, [he] is not able to return to work.

Following the FCE, Dr. Wilkes released claimant to work on July 3, 1997, and Dr. Hansen "deferred" to such recommendation.

Thus, despite a sometimes contradictory deposition by Dr. Hansen, a review of the entire record provides sufficient support for the commission's decision.

## II.

### *Claimant's Appeal*, Record No. 2229–99–1

■ It is uncontroverted that the commission previously terminated claimant's original award of disability benefits, effective April 12, 1996, upon a finding that he refused selective employment without justification. Subject to certain exceptions not pertinent to the instant proceedings, Code

§ 65.2–510(A) provides for the termination of benefits to an "injured employee refus[ing] employment procured for him suitable to his capacity." Code § 65.2–510(C) prevents an injured employee from curing an unjustified refusal of selective employment that "lasts more than six months from the last day for which compensation was paid before suspension pursuant to this section[.]" Thus, when claimant failed to cure his unjustified refusal of selective employment on or before October 12, 1996, his right to cure and pursue reinstatement of partial disability benefits was lost.

Claimant's contention that Code § 65.2–510(C) does not operate to bar the restoration of partial disability benefits following an intervening period of compensable total disability is without merit. The commission correctly applied Code § 65.2–510(C) to deny claimant renewed partial disability benefits, reasoning that "an employee who did not cure an unjustified refusal within six months forever loses the right to additional temporary partial benefits. . . ." This result comports with the "unambiguous, . . . plain meaning" of Code § 65.2–510(C), and we need not "resort to the rules of statutory construction" to divine legislative intent. *Last v. Virginia State Bd. of Med.*, 14 Va.App. 906, 910, 421 S.E.2d 201, 205 (1992). Contrary to claimant's argument, the statute does not exempt his "refusal for medical reasons" or establish distinctions between degrees of partial incapacity.

Accordingly, we affirm the decision of the commission.

*Affirmed.*